141 F.3d 1180
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
United States of America, Plaintiff-Appellee,
v.
Besnik BALAJ, Defendant-Appellant.
 No. 96-10257.
D.C. No. CR-95-20109-RMW.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 7, 1997--San Francisco, California.
Decided Mar. 12, 1998.
 
 1
 Appeal from the United States District Court for the Northern District of California Ronald M. Whyte, District Judge, Presiding.
 
 
 2
 Before WIGGINS and KLEINFELD, Circuit Judges, DWYER**, District Judge.
 
 
 3
 MEMORANDUM*
 
 
 4
 Besnik Balaj appeals his conviction, following a jury trial, of bank burglary in violation of 18 U.S.C. § 2113(a). Balaj contends that the district court erred in denying his counsel's motion for leave to withdraw and in admitting hearsay evidence.
 
 
 5
 We review the district court's denial of defense counsel's motion for leave to withdraw for abuse of discretion. See United States v.. George, 85 F.3d 1433, 1439 (9th Cir.1996). Here, defense counsel moved during trial for leave to withdraw because she believed that Balaj and a co-defendant who had pleaded guilty were about to testify falsely. A lawyer may not "present known perjury." Nix v.. Whiteside, 475 U.S. 157, 171, 106 S.Ct. 988, 89 L.Ed.2d 123 (1986). The district court held an ex parte hearing on the motion, advised Balaj of the risks and consequences of alternative ways of proceeding, and arrived at a solution that preserved the defendant's rights to testify and to counsel while avoiding an ethical violation by the defense lawyer. This consisted of counsel's continuing to serve while Balaj and his witness testified to their version of the events at issue by the narrative method rather than the question and answer method. Balaj, having been fully advised by the court, agreed to the procedure. Defense counsel did not suggest to the jury in any way that she disbelieved her client's story. Cf. Lowery v. Cardwell, 575 F.2d 727 (9th Cir.1978). To the contrary, counsel provided thorough and able representation to Balaj at every stage. She brought pretrial motions to dismiss and to sever, sought subpoenas from the court for trial, obtained the presence of the co-defendant to testify in accordance with Balaj's wishes, asked introductory questions of her client on direct examination, interposed objections during the government's cross-examination, and argued to the jury for an acquittal. There was no abuse of discretion in the district court's denial of her motion for leave to withdraw.
 
 
 6
 We review the district court's admission of evidence over a hearsay objection for abuse of discretion. United States v. Enriquez-Estrada, 999 F.2d 1355, 1360 (9th Cir.1993). At issue here is brief testimony by two police officers regarding a law enforcement memorandum about roof break-in burglaries, offered and received for the limited, non-hearsay purpose of explaining why the police were checking the bank's roof. The district court gave an appropriate limiting instruction. As in United States v. Andaverde, 64 F.3d 1305, 1314-15 (9th Cir.1995), cert. denied, 516 U.S. 1164, 116 S.Ct. 1055, 134 L.Ed.2d 199 (1996), the district court did not abuse its discretion in allowing a limited reference to neighborhood crime reports, not connected to the defendant, to explain the background and context of police actions.
 
 
 7
 AFFIRMED.
 
 
 
 **
 The Honorable William L. Dwyer, United States District Judge for the Western District of Washington, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3